UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CLARENCE L. ARTIS, JR., also known
as Clarence Lee Artis, Jr., also known as
Abdul Qadir,

                       Plaintiff,

           v.                                        9:16-CV-1310
                                                        (DNH/DJS)

G. WOOD, C.O., Clinton Correctional
Facility, J. LADIEU, O.R.C., Clinton
Correctional Facility, and BULLIS,
C.H.O., Clinton Correctional Facility,

                       Defendants.

---

APPEARANCES:

CLARENCE L. ARTIS, JR.
10-B-0810
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff Clarence L. Artis, Jr. ("Artis" or "plaintiff") commenced this action by filing a pro se civil rights complaint together with an application for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application").

      By Decision and Order filed January 5, 2017, Artis's IFP Application was granted. Dkt. No. 7 (the "January 2017 Order"). However, following review of the complaint in accordance

with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the January 2017 Order determined the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. *Id*. In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*.

Presently pending is Artis's amended complaint. Dkt. No. 8 ("Am. Compl.").

## II. DISCUSSION

### A. Summary of the Amended Complaint

Artis's amended complaint asserts claims arising out of his confinement at Clinton Correctional Facility ("Clinton C.F."). *See generally* Am. Compl. The following facts are set forth as alleged by plaintiff in his amended complaint.

Defendant Wood issued Artis a false misbehavior report charging plaintiff with stalking, because plaintiff had gone to defendant Ladieu's office. Am. Compl. at 1, 3. In support of defendant Wood's misbehavior report, defendant Ladieu lied when she claimed that she did not know why plaintiff came to her office. *Id*. at 1-2. Defendant Wood issued the misbehavior report "in retaliation" because plaintiff had returned to B-block without a pass and without defendant Wood realizing that plaintiff had returned, "which made [defendant Wood] seem incompetent." *Id*. at 1.

Defendant Bullis, who conducted Artis's disciplinary hearing arising from defendant Wood's misbehavior report, was not fair and impartial, did not rely on the evidence presented at the hearing when he found plaintiff guilty, and knew that defendant Wood was lying about the stalking charge. Am. Compl. at 2. Plaintiff seeks monetary damages and injunctive relief. *Id*. at 3. For a more complete statement of plaintiff's claims, refer to the amended

2

complaint.

Construed liberally, Artis alleges that (1) defendants Wood and Ladieu issued him a false misbehavior report; (2) defendant Wood retaliated against him; and (3) defendant Bullis denied plaintiff due process at his disciplinary hearing in violation of plaintiff's constitutional rights.

## B. <u>Analysis</u>

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the January 2017 Order and it will not be restated in this Decision and Order. *See* January 2017 Order at 2-4.

Artis seeks relief pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted).

"Section 1983 itself creates no substantive rights, [but] . . . only a procedure for] redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). To state a viable claim under Section 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a right, privilege or immunity secured by the Constitution or by the laws of the United States. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

3

## 1. False Misbehavior Report Claims

Artis alleges that defendant Wood issued him false misbehavior report, and that defendant Ladieu lied in support of the misbehavior report. Am. Compl. at 1-2.

But as stated in the January 2017 Order:

> It is well settled that "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); *accord, Pittman v. Forte*, No. 9:01-CV-0100, 2002 WL 31309183, at *5 (N.D.N.Y. July 11, 2002) (Sharpe, M.J.); *see also Santana v. Olson*, No. 07-CV-0098, 2007 WL 2712992, at *2 (W.D.N.Y. Sept. 13, 2007) ("[T]he filing of a false behavior report by a correctional officer does not state a claim for relief.").
>
> The only way that false accusations contained in a misbehavior report can rise to the level of a constitutional violation is when there has been more such as "retaliation against the prisoner for exercising a constitutional right." *Boddie*, 105 F.3d at 862. In addition, "[t]he filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing."[1] *Williams v. Smith*, 781 F.2d 319, 324 (2d Cir. 1986) (rejecting prisoner's "but for" argument as to guard who prepared misbehavior report but was not involved in Tier III hearing) (citation omitted).

January 2017 Order at 5-6. Accordingly, plaintiff's false misbehavior claims fail.

Construing the amended complaint liberally, Artis may also be claiming that defendant Wood and / or defendant Ladieu gave false testimony at plaintiff's disciplinary hearing. Even accepting these allegations as true, plaintiff fails to state a claim upon which relief may be granted under Section 1983.

---

[1] "The only constitutional violation that could occur in this situation is if plaintiff were not provided adequate due process in any proceeding which is based upon the misbehavior report. In that case, the claim is not based on [the] truth or falsity of the misbehavior report but instead on the conduct of the hearing itself." *Santana*, 2007 WL 2712992, at *2.

4

"The principle that 'a prison inmate has no constitutional right to be free from being falsely accused in a misbehavior report . . . extends as well to false testimony by corrections personnel at prison disciplinary hearings.'" *See Thomas v. Calero*, No. 09 Civ. 5209, 2011 WL 1532058, at *6-7 (S.D.N.Y. Mar. 17, 2011) (citing *Mitchell v. Senkowski*, 158 F. App'x 346, 349 (2d Cir. 2005)), Report and Recommendation *adopted*, 2011 WL 1532061 (S.D.N.Y. Apr. 20, 2011); *Phillips v. Goord*, No. 08-CV-0957, 2009 WL 909593, at *6 (W.D.N.Y. Apr. 1, 2009) ("[A] claim for the filing of a false report or of providing false testimony by a correctional officer witness at a disciplinary hearing, in and of itself, does not state a cognizable claim that plaintiff's due process rights were violated.").

Therefore Artis's false misbehavior report claims against defendants Wood and Ladieu, and his claims that defendants Wood and Ladieu gave false testimony, are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted under Section 1983.

### 2. First Amendment Retaliation Claim

Artis next claims that defendant Wood issued plaintiff a misbehavior report "in retaliation" for making him seem incompetent.

Courts must approach claims of retaliation "'with skepticism and particular care' because 'virtually any adverse action taken against a prisoner by a prison official–even those otherwise not rising to the level of a constitutional violation–can be characterized as a constitutionally proscribed retaliatory act.'" *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)).

5

To state a plausible claim, a plaintiff asserting a First Amendment retaliation claim must advance "non-conclusory" allegations establishing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech [or conduct] and the adverse action." *Davis*, 320 F.3d at 352 (quoting *Dawes*, 239 F.3d at 492). "[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983).

In this case, Artis alleges no facts to plausibly suggest that he received a misbehavior report because he engaged in constitutionally protected conduct. To the contrary, plaintiff alleges that defendant Wood "wrote [plaintiff] up" because plaintiff made defendant Wood "seem incompetent" as a result of plaintiff returning to B-block without a pass and without defendant Wood realizing that he had returned, *see* Am. Compl. at 1, which is clearly not constitutionally protected conduct. Thus, plaintiff fails to meet the first prong of a retaliation claim. *See Davis*, 320 F.3d at 352.

Moreover, the fact that Artis characterizes defendant Wood's misbehavior report as retaliatory, but does not plead any facts that would give rise to such an inference, is wholly conclusory, and fails to state a plausible claim of retaliation. *See Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000) (holding claims of retaliation must be "'supported by specific and detailed factual allegations,'" and not stated "'in wholly conclusory terms.'" (quoting *Flaherty*, 713 F.2d at 13)); *see also Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996) (holding that wholly conclusory claims of retaliation "can be dismissed on the pleadings alone"); *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) (same).

6

Therefore, the First Amendment retaliation claim against defendant Wood is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. **Fourteenth Amendment Due Process Claim**

Artis also alleges that defendant Bullis denied him procedural due process at the disciplinary hearing because defendant Bullis was "unfair and partial," his decision to find plaintiff guilty was not based upon the evidence, and he knew that defendant Wood was lying about the charges lodged against plaintiff.

As Artis was advised in the January 2017 Order:

> To successfully state a claim under Section 1983 for denial of due process arising out of a disciplinary hearing, a plaintiff must show that he both (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process. *See Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004); *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998); *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996).[2]

January 2017 Order at 7.

Additionally, the January 2017 Order stated:

> While not the only factor to be considered, the duration of a disciplinary confinement remains significant under *Sandin*.[3] *Colon*

---

[2] The due process protections afforded inmates facing disciplinary hearings that affect a liberty or property interest include advance written notice of the charges, a fair and impartial hearing officer, a hearing that affords the inmate the opportunity to call witnesses and present documentary evidence, and a written statement of the evidence upon which the hearing officer relied in making his determination. *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citing, *inter alia, Wolff v. McDonnell*, 418 U.S. 539, 563- 67 (1974)). The hearing officer's findings must be supported by "some" "reliable evidence." *Id*. (citing, *inter alia, Superintendent v. Hill*, 472 U.S. 445, 455 (1985)).

[3] For example, segregation for a period of thirty days was found by the Supreme Court in *Sandin* not to impose a significant hardship on an inmate. *Sandin*, 515 U.S. at 485-86. In explaining its reasoning, the Court found that the disciplinary confinement failed to present "a dramatic departure from the basic conditions" of an inmate's normal sentence. *Id*.

7

> *v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000). Specifically, while under certain circumstances confinement of less than 101 days could be shown to meet the atypicality standard under *Sandin* (*see Colon*, 215 F.3d at 232 n.5), the Second Circuit generally takes the position that disciplinary confinement, without unusual conditions, for a period of up to 101 days will generally not constitute an atypical hardship, while confinement for a period of more than 305 days has been held to be atypical even if under "normal conditions." *Ortiz*, 380 F.3d at 654; *Colon*, 215 F.3d at 231.

January 2017 Order at 7-8.

After reviewing and liberally construing Artis's original complaint, it appeared that plaintiff served only 51 days in the special housing unit ("SHU") as a result of defendant Bullis's disciplinary sentence. *See* January 2017 Order at 8.

The January 2017 Order concluded that Artis had "failed to plead the existence of a valid liberty interest with respect to his 51-day SHU confinement because (1) that sentence would not, in and of itself, implicate atypicality and (2) his complaint include[d] no facts to plausibly suggest that his confinement in SHU for 51 days imposed an atypical and significant hardship." January 2017 Order at 8 (footnote omitted).

Additionally, even if plaintiff had asserted a valid liberty interest, the complaint failed to allege any "facts to plausibly suggest that defendant Bullis denied him due process at his disciplinary hearing. Therefore, regardless of the length of plaintiff's confinement, plaintiff ha[d] failed to state a plausible claim that his SHU confinement violated his due process rights." January 2017 Order at 8-9.

In his amended complaint, Artis now alleges that defendant Bullis denied him procedural due process at the disciplinary hearing because defendant Bullis was "unfair and partial," his decision to find plaintiff guilty was not based upon the evidence, and he knew that defendant Wood was lying about the charges lodged against plaintiff. Am. Compl. at 2.

8

Nonetheless, as the January 2017 Order already concluded, Artis's 51-day SHU confinement does not, in and of itself, implicate atypicality.[4]  *See* January 2017 Order at 8; *see also Brown v. Graham*, 470 F. App'x 11, 13-14 (2d Cir. 2012) (noting that "restrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection.") (citing *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009)).

Here, the amended complaint contains no facts to plausibly suggest that Artis's confinement in SHU for 51 days imposed an atypical and significant hardship.  Instead, plaintiff only alleges that as a result of being found guilty at his disciplinary hearing, he lost his preferential transfer out of Clinton C.F. and will not get it back for another year, therefore he has to remain at Clinton C.F. which he describes as a "hostile" environment.  Am. Compl. at 2-3.  Plaintiff also complains that his family ties are being weakened by staying at Clinton C.F. because it is difficult for his mother and father to visit him there.  Id. at 2.

These general complaints about his conditions of confinement at Clinton C.F. do not plausibly suggest that the 51 days that he had served in SHU amounted to an atypical and significant hardship.  Therefore, his confinement does not raise a liberty interest warranting due process protection.  *See Gill v. Riddick*, No. 9:03-CV-1456 (NAM/RFT), 2005 WL 755745, at *15 (N.D.N.Y. Mar. 31, 2005) ("[W]here no liberty interests are at stake, . . . the Court need not assess the adequacy of the process . . . received.").  Accordingly, Artis's Fourteenth Amendment due process claim against defendant Bullis is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which

---

[4] In fact, the amended complaint does not provide any information regarding the duration of time that plaintiff served in disciplinary confinement as a result of the sentence imposed by defendant Bullis.  Out of solicitude to plaintiff, the allegations set forth in the original complaint have been included.

relief may be granted.

## III. **CONCLUSION**

Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Pucci v. Brown*, 423 F. App'x 77, 78 (2d Cir. 2011); *Shuler v. Brown*, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint.").

After reviewing Artis's amended complaint, and according it the utmost liberality in light of his pro se status, no cognizable factual or legal basis for this action can be discerned. Therefore, for all of the reasons set forth here and in the January 2017 Order, and because plaintiff has already had one opportunity to amend his claims, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

Therefore, it is

ORDERED that

1. This action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;

2. The Clerk of the Court is directed to close this case; and

3. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: March 8, 2017
      Utica, New York.

_____
United States District Judge